LOTTINGER, Judge.
This is a suit by Willis L. Gore, and others, against the American Motorists Insurance Company seeking to recover under the provisions of a fidelity bond issued by said insurance company in favor of Delta National Mutual Insurance Company. The Lower Court rendered a judgment in favor of petitioners and against defendants. The defendants have appealed and the petitioners have answered the appeal seeking an increase in quantum.
On July 1, 1954, the defendant herein issued a dishonesty, disappearance and destruction policy or bond in favor of Delta National Mutual Insurance Company, Delta Fire and Casualty Company, Delta General Agency, Inc., Thomas Insurance Agency, Inc., and Delta National Securities Corporation, for any fraudulent or dishonest act or acts committed by any of its officers, managers or employees with coverage up to $80,000.00, for each fraudulent and dishonest act. Each of the assured was and is a separate corporate entity, and each had its own officers and directors, however, some of them may have served in one or more capacities and for one or more of the corporations. These corporations operated out of an office located in the City of Baton Rouge, and David W. Thomas was the head of each corporation.
Delta National Mutual Insurance Company had a very ¿Id mutual fire insurance *628 company charter. Thomas purchased this company and its charter in 1955, and operated the company for a period of two years as a mutual fire insurance company. He discontinued its insurance operations on December 31, 1957, with the intentions of converting to a life insurance company, however, after that time the company became dormant and inactive.
While Delta National Mutual was still active in the Insurance field, it endeavored to raise money by borrowing substantial sums from private lenders. In representation of these loans, Guaranty Fund Certificates were issued by Delta National Mutual to its private lenders, and, as of December 31, 1956, these certificates totaled $250,000.00, however, as of December 31, 1957, when the company had become dormant, the total of these certificates had risen to $300,400.00. These loans by the private individuals to the insurance company were made pursuant to the provisions of R.S. 22:124.
Under this arrangement, loans were made by Willis L. Gore to the company totaling $12,500.00, and by Fletcher G. Downs, now deceased, in the total sum of $2,000.00.
By the end of the year 1957, Delta National Mutual had sold and transferred to Delta Fire and Casualty Company, its real estate mortgage notes and fire insurance policy, and there remained as its only asset a bank account in the amount of some $121,400.00 in cash. This was in spite of the outstanding liabilities on the Guaranty Fund Certificates. Shortly subsequent thereto, Thomas personally withdrew the $121,400.00 in cash from the banking account, completely depleting same.
On August 11, 1959, Delta Fire, to whom Delta National had sold its fire insurance business and real estate mortgages, was placed into receivership by the Louisiana Insurance Commissioner. A receiver was appointed and he gave notice to American Motorists during August, 1959, of his discovery of the acts of withdrawal of funds by Thomas from Delta Fire. A formal proof of claim based upon the actions of Thomas was forwarded some month or so following.
On July 1, 1960, the receiver for Delta Fire filed a suit against American Motorists seeking the recovery of certain withdrawals made by Thomas from the Delta Fire account in the amount of some $137,-900.00. This suit was subsequently settled and dismissed on September 8, 1964.
On July 2, 1964, Willis L. Gore and the widow and heirs of Fletcher G. Downs, who are the petitioners in this present suit, filed suit against American Motorists and Delta National Mutual for the sums which they alleged were due them under the guaranty certificates. Defendant filed an exception of no right or cause of action based on the allegation in the petition that petitioners were unpaid creditors of Delta National Mutual. As such, they had no cause of action against defendant for the simple reason that the plaintiffs were suing in the position of creditors of Delta Mutual Fund, a fact upon which defendant agreed, and that, therefore, there was no cause of action shown on the bond issued by American Motorists. Thus the demands made by petitioners as against American Motorists were dismissed.
Thereafter, on March 9, 1965, a preliminary default was entered by plaintiffs against Delta National Mutual which default was confirmed and a written judgment rendered as prayed for by petitioners.
Subsequently, on May 5, 1965, plaintiffs purchased at Sheriff’s Sale all of the causes of actions, demands, claims, and rights of actions of any kind that Delta National Mutual had against American Motorists. Included in this sale, of course, was any right of action under the bond issued by defendant.
On May 21, 1965, the present suit was filed by petitioners against defendant wherein petitioners claim the withdrawal by David W. Thomas of the sum of $121,-400.00 from Delta National Mutual account was covered by the 3D bond issued by de *629 fendant. In the current suit, petitioners appear as owners of all the cause of actions, rights of actions, claims and demands of any kind that Delta National has against defendant, which rights were purchased by them at the Sheriff’s Sale. Certain exceptions were filed by the defendant, among which was an exception of prescription, all of which were overruled by the Lower Court, and the Lower Court rendered judgment in favor of petitioner Gore in the sum of $12,500.00, and in favor of the widow and heirs of Fletcher G. Downs in the sum of $2,000.00. Defendant has appealed and petitioners have.'answered the appeal.
We feel that' the Lower 'Court erred in overruling -the exception of prescription of two years filed by the defendant in the Lower Court. The record discloses that the policy of insurance, or bond, issued by defendant provided as follows:
“The insurance afforded by Insuring Agreement I shall apply only to such loss which shall be discovered prior to the expiration of two years * * * from the effective date of the cancellation or termination of this policy. * * *”
“* * * No suit to recover on account of loss under this policy shall be brought * * * unless commenced within two years from the date upon which the loss was discovered by the assured.”
It was stipulated by and between counsel that the contract of insurance was cancelled on September 16, 1959. The record discloses that discovery of the loss, at least with regard to Delta Fire and Casualty Company, was made during August of 1959, and that a proof of loss was filed by its receiver on November 24, 1959. The Delta Fire and Casualty suit was filed on July 1, 1960, and terminated by compromise and dismissed in September, 1964.
The first claim of any kind in respect to Delta National Mutual was the first suit by petitioners filed July 2, 1964, and the second suit was filed May 21, 1965. The record clearly shows that no notices of loss, proofs of loss, claims or suits were ever made on the defendant except those listed above.
As it is admitted that this policy was terminated as of September 16, 1959, to be covered under the clear provisions of the contract of insurance, or bond, the loss would have had to be discovered within two years from that date, or, at the latest, September 16, 1961. If it was not discovered by that date, the policy by its express terms does not cover the loss, as the policy provides that it “* * * shall apply only to such loss which shall be discovered prior to the expiration of two years from the effective date of concellation or termination of this policy * * Assuming however, that a timely discovery was made on the last possible date, namely, September 16, 1961, the policy then provides that no suit shall be brought to recover under the policy “* * * unless commenced within two years from the date upon which the loss was discovered by the assured.”
It is clear, therefore, that considering that the policy was cancelled or terminated as of September 16, 1959, and that only losses are covered which shall be discovered prior to the expiration of two years from said cancellation date, and further that suit under the policy must be commenced within two years from the date upon which the loss was discovered, it is apparent that the suit must have been commenced within four years from the date of termination or on or prior to September 16, 1963. The first suit by the petitioners against the defendant was filed July 2, 1964, and the present suit was not filed until May 21, 1965. Under the clear provisions of the policy or bond, prescription had accrued, and the exception of prescription should have been sustained.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed, and there will be judgment herein in favor of defendant and against the petitioners, dismissing the petitioners’ suit at petitioners’ cost.
Judgment reversed.