441 F.2d 10
 Willis L. GORE, Mrs. Jennie Downs, Mrs. Janet McCain and
Mrs. Edith Gill, Plaintiffs-Appellants,
v.
AMERICAN MOTORISTS INSURANCE CO., Hon. John J. McKeithen,
Hon. Jack P. F.Gremillion, et al., Defendants-Appellees.
 No. 29604.
 United States Court of Appeals, Fifth Circuit.
 April 8, 1971, Rehearing Denied May 27, 1971.
 
 Ralph Brewer, Baton Rouge, La., for plaintiffs-appellants.
 Robert E. Leake, Jr., Hammett, Leake & Hammett, New Orleans, La., for American Motorists Insurance Co.
 Jack P. F. Gremillion, Atty. Gen. of La., Kenneth C. DeJean, Asst. Atty. Gen., Baton Rouge, La., for remaining defendants.
 Before BROWN, Chief Judge, and WISDOM and RONEY, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 The plaintiffs appeal from a judgment of the district court granting the motion of American Motorists Insurance Company to dismiss for failure to state a claim upon which relief could be granted. We affirm.
 
 
 2
 The plaintiffs first filed suit against American Motorists Insurance Company in 1964 in a Louisiana state court seeking to recover under the provisions of a fidelity bond or policy that had been issued by the company. The trial court rendered judgment for the plaintiffs in the amount of $14,500 plus statutory penalties and attorneys' fees. The Louisiana First Circuit Court of Appeals, however, reversed the judgment of the trial court on the ground that the plaintiffs were barred by their failure to bring suit within the prescriptive period provided in the policy. See Gore v. American Motorists Ins. Co., 225 So.2d 627 (La.Ct.App.1969). The Supreme Court of Louisiana refused to grant the plaintiffs' petition for writ of review or certiorari. See Gore v. American Motorists Ins. Co., 227 So.2d 596 (La.1969).
 
 
 3
 The plaintiffs then instituted this suit in the United States District Court for the Eastern District of Louisiana. In their complaint they alleged that the action of the Louisiana First Circuit Court of Appeal and the Supreme Court deprived them of rights guaranteed by the United States Constitution and prayed that the federal district court reinstate their state trial court judgment. Specifically, the plaintiffs argued that review by the Louisiana Court of Appeal of questions of fact as well as law, provided for in Article 7, 29 of the Louisiana state constitution,[1] deprives them of their Seventh Amendment right to trial by jury,[2] which is protected against state encroachment by the Fourteenth Amendment. Accordingly, they also prayed that the federal district court permanently enjoin all Louisiana appellate judges from re-examining any fact found by a trial court in a civil case. Implicit in the plaintiffs' argument of course is their view that the decision of the Louisiana First Circuit Court of Appeal reversing their trial court judgment was based on such a redetermination of the facts.
 
 
 4
 The question of the constitutionality of Louisiana's system of appellate review of civil cases is an interesting one. At the present time there are pending before a three-judge court in the Eastern District of Louisiana some eight cases consolidated under the style of Melancon v. McKeithen, Civil Action Number 3390, each presenting precisely that question. Indeed, the plaintiffs invited the district court to consolidate their case with that group. This the district court wisely declined to do, for to decide this case it is not necessary to reach the plaintiffs' constitutional argument.
 
 
 5
 It is apparent from a review of the record that the Louisiana First Circuit Court of Appeals and the Supreme Court in no way disturbed any of the trial court's fact findings. The decision of the First Circuit Court of Appeals was based solely upon its construction of certain terms in the insurance company's fidelity policy.[3] The construction of contracts-- that is, the process of determining the legal effect of language-- is of course a function of the court not the trier of fact. Williams v. Humble Oil & Refining Company, 5 Cir. 1970, 432 F.2d 165, 179; 3 A. Corbin, Contracts 554. In their petition for writ of review or certiorari the plaintiffs seemed to recognize as much, for they argued merely that the First Circuit Court of Appeals' construction of the policy conflicted with the established jurisprudence of the Supreme Court. Since the plaintiffs are thus not persons aggrieved by the system, they are in no position to challenge here the Louisiana Court of Appeals' review of facts.
 
 
 6
 Moreover, since we can perceive of no constitutional objection that could be lodged against appellate review of the lower courts' conclusions of law, we must agree with the district court that the plaintiffs' complaint failed to state a claim upon which relief could be granted. For this reason we affirm the judgment of the district court granting American Motorist's motion to dismiss.
 
 
 7
 Affirmed.
 
 
 
 [1]
 L.S.A.-- Const. Art. 7, 29 (Supp.1970) provides in pertinent part:
 All appeals of which the courts of appeal have appellate jurisdiction as provided in this Section shall be on both the law and the facts, except where the appeal is limited to question of law only by any other Section of this Constitution.
 Although the plaintiffs have not directly challenged its constitutionality, we should note that 2 L.S.A.-- Const. Art. 7, 10(6) also provides for appellate review of facts:
 In all civil and probate cases where the Supreme Court is given appellate jurisdiction, the appeal shall be both upon the law and the facts.
 
 
 [2]
 The constitutional right that the plaintiffs allege has been denied in their case is contained in the second clause of the Seventh Amendment:
 * * * and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.
 U.S.C.A.Const.Amend. 7.
 
 
 [3]
 We feel that the Lower Court erred in overruling the exception of prescription of two years filed by the defendant in the Lower Court. The record discloses that the policy of insurance, or bond, issued by defendant provided as follows: 'The insurance afforded by Insuring Agreement I shall apply only to such loss which shall be discovered prior to the expiration of two years * * * from the effective date of the cancellation or termination of this policy. * * * '* * * No suit to recover on account of loss under this policy shall be brought * * * unless commenced within two years from the date upon which the loss was discovered by the assured.'
 As it is admitted that this policy was terminated as of September 16, 1959, to be covered under the clear provisions of the contract of insurance, or bond, the loss would have had to be discovered within two years from that date, or, at the latest, September 16, 1961. If it was not discovered by that date, the policy by its express terms does not cover the loss, as the policy provides that it '* * * shall apply only to such loss which shall be discovered prior to the expiration of two years from the effective date of cancellation or termination of this policy * * *'. Assuming however, that a timely discovery was made on the last possible date, namely, September 16, 1961, the policy then provides that no suit shall be brought to recover under the policy '* * * unless commenced within two years from the date upon which the loss was discovered by the assured.'
 It is clear, therefore, that considering that the policy was cancelled or terminated as of September 16, 1959, and that only losses are covered which shall be discovered prior to the expiration of two years from said cancellation date, and further that suit under the policy must be commenced within two years from the date upon which the loss was discovered, it is apparent that the suit must have been commenced within four years from the date of termination or on or prior to September 16, 1963. The first suit by the petitioners against the defendant was filed July 2, 1964, and the present suit was not filed until May 21, 1965. Under the clear provisions of the policy or bond, prescription had accrued, and the exception of prescription should have been sustained.
 Gore v. American Motorists Ins. Co., 225 So.2d 627, 629 (La.Ct.App.1969).