SARTAIN, Judge.
A judgment on the merits of this suit was rendered in favor of the defendant and against the plaintiffs, dismissing plaintiffs’ suit at their costs. Gore v. American Motorists Insurance Company, 225 So.2d 627 (1st La.App.1969); writ refused, 254 La. 859, 227 So.2d 596 (1969). On February 2, 1970, the defendant filed a rule to tax costs, seeking to recover $303.88, representing the costs of the sheriff and clerk of court charged to and paid by the defendant, and $935.00, representing the premium paid for the appeal bond. The judgment of the trial court was affirmed on appeal, awarding the defendant the sum of $303.88 but denying the claim for the appeal bond premium. Gore v. American Motorists Insurance Company, 244 So.2d 894 (1st La.App.1971); application denied, 258 La. 363, 246 So.2d 683 (1971).
On February 16, 1971, the defendant filed a Judgment Debtor Rule against Mrs. Jennie Downs, one of the original plaintiffs, and had a subpoena issued requiring her to produce various records and documents, in an attempt to enforce the $303.88 judgment on prior costs. On February 23, 1971, the plaintiffs moved for and ob *170 tained a rule nisi directed to the defendant ordering it to show cause why the judgment debtor rule should not be recalled and set aside and the prior judgment canceled and erased from the mortgage records as having been fully paid and satisfied. Plaintiffs also asked for damages for the wrongful issuance of the judgment debtor rule and subpoena.
At the hearing on the plaintiffs’ rule nisi, the trial judge concluded that the plaintiffs had fully paid and satisfied the prior judgment of $303.88, by depositing that amount with the clerk of court in East Baton Rouge Parish, and rendered judgment recalling, rescinding, setting aside and quashing the defendant’s judgment debtor rule and subpoena and ordering the clerk of court to cancel and erase the inscription of the $303.88 judgment from the mortgage records. We find that the trial court erred in concluding that the prior judgment had been fully paid and satis! 'ed and we reverse.
The evidence shows that from May 21, 1965, to September 12, 1968, the plaintiffs deposited $95.00 with the clerk of court in prosecuting its original action. This amount, of course, must be absorbed by the plaintiffs and can in no way be applied to the costs incurred and paid by the defendant, namely $303.88. The next deposit made by the plaintiffs was on March 25, 1970, or two days after the trial court’s judgment on the Rule to Tax Costs. This latter deposit was made without any instruction that it be forwarded to the defendant. This deposit was in the amount of $208.88, but at the time it was made there were already some accrued costs that had not .been paid. The records of the clerk of court show that $38.00 was due to the sheriff and was immediately paid out of the $208.88 deposit. The clerk of court had a surplus of $7.00 in advanced costs and the plaintiffs’ deposit increased this surplus to a total of $177.88. After a charge of $4.00 for copying and recording the judgment of March 23, 1970, the balance was $173.88. No further deposit was made by the plaintiffs until February 23, 1971, when they moved for the rule nisi in the matter now before us and deposited $25.00.
It is clear that there was never a sufficient surplus on deposit with the clerk of court upon which the defendant could draw to satisfy in full its judgment of $303.88. Rather than collect the amount of that judgment piecemeal, the defendant preferred to proceed directly against the plaintiffs for the full amount, as in the case of any money judgment, and leave to the plaintiffs the problem of their overpayment to the clerk of court. We see no reason to prohibit the defendant, an unpaid judgment creditor, from proceeding in this manner.
Accordingly and for the above stated reasons, the judgment of the trial court is reversed and it is hereby ordered that this cause be remanded and the appellant, American Motorists Insurance Company, be allowed to proceed on its Judgment Debtor Rule; it is further ordered that the Clerk of Court and Recorder of Mortgages for the Parish of East Baton Rouge rein-scribe in the mortgage records of said parish the judgment of March 23, 1970, allowing defendant to recover Clerk’s and Sheriff’s court costs in the amount of $303.88; and it is ordered that the costs of the motion for the rule nisi and the rule nisi in the instant matter, and the costs of this appeal, shall be borne by the plaintiff s-appellees.
Reversed and remanded with instructions.