Paul M. GEMENT, Jr.

v.

ALLSTATE INSURANCE COMPANY, et al.

Civ. A. No. 80–2259.

United States District Court, E. D. Louisiana.

April 22, 1981.

Roger M. Fritchie, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, La., for plaintiff Paul M. Gement, Jr.

Ralph R. Alexis, III, of Porteous, Toledano, Hainkel & Johnson, New Orleans, La., for defendants Roger Farris and Allstate Insurance Company.

Susan Kantor Bank, Federal Emergency Management Agency, Washington, D. C., and Edward S. Johnson, Asst. U. S. Atty., New Orleans, La., for defendants John W. Macy, Jr., Director Federal Emergency Management Agency, and the National Flood Insurers Association.

ROBERT F. COLLINS, District Judge.

The material facts of this case are undisputed. On October 2, 1977, plaintiff purchased flood insurance policy number 114–645–75, effective October 2, 1977 through October 2, 1978. The policy in question was issued by Roger Ferris, an agent for the Allstate Insurance Company (Allstate). Allstate is an insurance company which participates in the National Flood Insurers Association, also named as a federal defendant herein. The issued policy provided coverage for a single family dwelling located at Woodvine Street, off Highway 59, in St. Tammany Parish. The insured property was plaintiff's personal residence. On May 10, 1978, plaintiff sustained flood damage in his business "shop" which is located adjacent or near to plaintiff's personal residence. Plaintiff testified in his deposition that his home does not flood because it is on higher ground than his shop. Gement dep., pp. 42, 50. Plaintiff also testified that it was his intention to procure flood insurance for his shop rather than for his residence. The Court finds that because of poor communications between Ferris, the Allstate agent, and plaintiff, the insurance policy instead covered plaintiff's residence. Based upon these undisputed facts, the Court concludes that plaintiff's claims against the federal defendants can succeed only if the federal defendants are in some way legally responsible for the actions of Ferris, the Allstate insurance agent.

The jurisprudence construing problems involving the federal flood insurance program demonstrates that federal law is the source for resolution of such problems:

Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

.     .     .     .     .

In sum, federal law controls disputes over the coverage of insurance policies issued pursuant to the National Flood Insurance Act of 1968 regardless of whether the district court exercises jurisdiction under 42 U.S.C.A. § 4053 or under 28 U.S.C.A. § 1332.

*West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) (citations omitted).

The statutory authority and applicable regulations for the flood insurance program make it clear that the instant federal defendants can not be bound by representations or other actions made by an agent such as Ferris:

The standard flood insurance policy is authorized only under terms and conditions established by Federal statute, the program's regulations, the Administrator's interpretations and the express terms of the policy itself. Accordingly, representations regarding the extent and scope of coverage which are not consistent with the National Flood Insurance Act of 1968, as amended, or the Program's regulations, are void, and the duly licensed property or casualty agent acts for the insured and does not act as agent for the Federal Government, the Federal Emergency Management Agency, or the servicing agent.

44 C.F.R. § 61.5(i) (1980).

This regulation has been applied by the Courts to shield the Federal Flood Insurance Program from liability premised upon misrepresentations or errors committed by an insurance agent. *See Mason Drug Co., Inc. v. Harris,* 597 F.2d 886, 888 (5th Cir. 1979). Therefore, the Court holds that the federal defendants are not liable for any misrepresentations or problems of communication which occurred between plaintiff and the Allstate insurance agent, Ferris. Accordingly, the Court will and hereby does GRANT the motion for summary judgment dismissing plaintiff's claims against the federal defendants.